Bruce E. Baldinger, Esq. (01837-1984)
**The Law Offices of Bruce E. Baldinger, LLC**
365 South Street
Morristown, NJ 07960
bbaldinger@baldingerlaw.com
908.218.0060
Attorneys for Plaintiff Vaswani, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

VASWANI, INC.

Plaintiff,                                                          Civil Action No.

against

NAGACHETAN BANGALORE
MANJUNATHAMURTHY; UDAY SHANKAR;
FAIRMACS  GROUP; FAIRMACS SHIPPING
& TRANSPORT SERVICES, PVT, LTD; DRAFT
CARGOWAY INDIA, PVT, LTD.; SREENATH
RAJENDHRANATH, RADHIKA RAO,
LUCIDIENT LIMITED; VISIOLUCID
TECHNOSOFT, PVT, LTD.; VISIO INGENII, LTD;
NANJUNDAPPA MADHUSUDHAN; POWERFIRM
VENTURES INTERNATIONAL, INC., JOANN
CASTILLO and SUNIL BUVA.

                                                          **COMPLAINT**

Defendants
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

   Plaintiff Vaswani, Inc. ("Vaswani"), through its counsel Bruce E. Baldinger, Esq. of the Law

Offices of Bruce E. Baldinger, LLC by way of complaint against Defendants Nagachtan Bangalore

Manjunathamurthy ("Bangalore"), Uday Shankar ("Shankar"), Fairmacs Group ("Fairmacs Group"),

Fairmacs Shipping & Transport Services, Pvt., Ltd. ("Fairmacs Shipping"), Draft Cargoway India

Pvt. Ltd, ("Draft Cargoway"), Sreenath Rajendhranath ("Rajendhranath"), Radkika Rao ("Rao"),

Lucidient Limited ("Lucidient") Visio Lucid Technosoft Pvt. Ltd. ("Visiolucid"), Visio Ingenii, Ltd.

("Ingenii"), Nanjunddappa Madhusudhan ("Madhusudhan"), Powerfirm Ventures International, Inc.

("Powerfirm"), Joann Castillo ("Castillo") and Sunil Buva ("Buva")., states as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action under 28 U.S.C. §1332 as this action seeks monetary damages resulting from the Defendants' actions in an amount exceeding $75,000.00, and there is complete diversity of citizenship between Plaintiff and all Defendants.

2.     Venue is properly placed in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(2), as the District in which the transaction which is the subject matter of these proceedings occurred and from which the funds issued to Defendants were drawn.

## PARTIES

3.     Plaintiff Vaswani is a corporation formed under the laws of the State of Delaware with its offices and principal place of business located at 75 Carter Dr., Edison, NJ.

4.     Upon information and belief based upon business dealings, communications and online disclosures, Defendant Bangalore is a citizen of India with residences in India and England. Defendant Bangalore is an owner and director of Defendants Lucidient, Visolucid, and Ingenii.

5.     Upon information and belief based upon online disclosures, Defendant Rao is a resident of England and is an owner and director of Defendants Lucidient, Visolucid, and Ingenii.

6.     Upon information and belief based upon publicly disclosed information, Madhusudhan is a director of Visiolucid.

7.     Upon information and belief based upon publicly disclosed information, Fairmacs Group is an unincorporated association of Fairmacs Shipping and Draft Cargoway all of which are based in India.

8.     Upon information and belief based upon publicly disclosed information and business dealing, Shankar is an employee of Farimacs Group and Fairmacs Shipping and is a citizen and

resident of India.

9.      Upon information and belief based upon publicly disclosed information and business dealings, Rajendhranath is a manager and officer of Farimacs Group, Fairmacs Shipping and Draft Cargoway and is a citizen and resident of India.

10.     Upon information and belief, Shankar is a citizen and resident of India. Shankar is employed by Fairmacs Group.

11.     Upon information and belief based upon publicly disclosed information and business dealings, Powerfirm is a business entity organized and operating in the Philippines.

12.     Upon information and belief based upon business dealings and publicly disclosed information, Castillo is the Chief Executive Officer of Powerfirm.

13.     Upon information and belief based upon publicly disclosed information, Buva is an individual residing in India.

## **FACTUAL BACKGROUND**

14.     Vaswani is a corporation which designs, manufactures and installs furniture, fixtures and displays for retail stores throughout the country,

15.     With the COVID-19 pandemic, Vaswani found the need to acquire protective personal equipment ("PPE").

16.     Through business affiliations, in or about July, 2020 Vaswani was initially introduced to Shankar for the sourcing of PPE product.

17.     Shankar stated that he and his company, Fairmacs Group, had the ability to acquire and sell to Vaswani the needed PPE equipment.

18.     Through Fairmacs Group email, Shankar forwarded numerous offers and examples of product which it could sell to Vaswani.

19.    On or about August 16, 2020, Vaswani decided to purchase from the Fairmacs defendants, through Shankar, 60,000 boxes of gloves at a total cost of $450,000.00.

20.    Shankar insisted that payment would be made 30% upon order and 70% upon verification and certification of quality and confirmation of readiness to ship.

21.    Once the purchase order was agreed to, on August 20, 2020 Shankar provided the wiring instructions for the initial funds to be sent to an entity named Lucidient which Vaswani assumed was merely another part of the Fairmacs group.

22.    On August 21, 2020, Vaswani wired a test amount of $100 to ensure the process would properly work.  After doing so, Shankar confirmed the receipt of the $100.00 wire and, based thereupon, Vaswani sent $134,900.00 which represented the balance of the 30%.

23.    On September 8, 2020, Vaswani received notice from Shankar that the gloves were manufactured and ready for inspection. Shankar stated that a payment was needed for the SGS inspection which amount exceeded $2,000.00. When Vaswani reported that that fee needed to be paid by Shankar as it was not previously disclosed, Shankar stated that he had paid it personally.

24.    Despite telling Vaswani that the inspection was being conducted, weeks went by and no certificate was issued.  Shankar insisted that the inspectors were backlogged and it was beyond his control.

25.    On October 8, 2020, Shankar forwarded to Vaswani the certificate from SGS indicating that the product was identified and was ready for shipping.

26.    Based upon the receipt of the certificate and Shankar representing the goods were ready for shipment, on October 21, 2020, Vaswani sent the balance of the price under the purchase order of $315,000.00 as further instructed by Shankar.

27.    On November 2, 2020, Shankar notified Vaswani that the cargo was on the ship.

4

28.     Shankar then notified Vaswani that a typhoon had reached the port and that the ship was unable to leave.

29.     On November 18, 2020, still without the product or reconfirmed shipping, Shankar stated that he would provide a bill of lading.  The following day, Shankar provided a bill of lading absent necessary details such as the container number or other requisite details.

30.     When pressed for details, another Fairmacs employee, Arun, contacted Vaswani and notified them that Shankar had COVID issues and that Arun would provide a replacement bill of lading.  On November 21, 2020, Arun (from a Fairmacs email address) sent a bill of lading. In this instance, the document omitted any container or vessel number.

31.     On November 24, 2020, and agent of Vaswani had both become concerned and suspicious and contacted the SGS inspection company directly.

32.     On November 26, 2020, SGS sent a notification to Vaswani that the inspection certification was fraudulent and of no value.

33.     Learning of this issue, Vaswani contacted Shankar who, for the first time, stated that he had only been acting as an intermediary and that the product had been procured by Lucident through its director, Bangalore.

34.     Through further research, Vaswani came to learn that Bangalore was the center of fraudulent PPE transactions conducted through his business entities Lucidient, Visiolucid, and Ingenii.  His codirectors, Rao and Madhusudhan, also operated, participated, and benefited in the transactions.

35.     Shankar introduced Bangalore into the discussions.  Bangalore promised to void the transaction and cause the return of Vaswani's funds.  To do so, he stated that he needed the cooperation of Powerfirm and its director, Castillo, who entered into the transaction with him and

5

who was the holder of the funds.

36.     In and around early December, 2020, Vaswani had multiple discussions, texts and emails with Castillo who admitted that the SGS certification was false and that she had a substantial component of the funds readily available.

37.     As a result of the conversation, the parties agreed to enter into a document which would cause the return of Vaswani's funds.  Despite the ongoing promises and assurance, Bangalore and Castillo made up and equal number of excuses for the delay in wiring the funds such as holidays, sickness, attorney review, as well as bank protocol.

38.     In further communications with Bangalore, Bangalore informed Vaswani that Buva was "the person who was handling the whole operation…  and he knew each and every detail along with the way SGS was submitted or sent across your company…"

39.     Despite the multitude of person involved in the transaction, fraud and defalcation, none of the funds promised to be repaid to Vaswani has been received by it.

40.     Without the product or the funds, Vaswani was compelled to commence this proceeding.

## FIRST COUNT
(Breach of Contract)

41.     Plaintiff Vaswani, Inc. repeats the averments set forth in Paragraphs 1 through 40 as if set forth at length herein.

42.     Vaswani had entered into an agreement for the purchase of 60,000 nitrile gloves for consideration of $450,000.00 to be supplied by Fairmacs Group, Fairmacs Shipping and Draft Cargoway all working through its employee Shankar.

43.     Based upon subsequent business dealings, Vaswani came to understand that Shankar

was also acting as an agent for the undisclosed principals Powerfirm and Lucidient and that Vaswani was either the intended direct beneficiary or third party beneficiary to those transactions.

44.     Through Shankar, Vaswani was quoted a price for the gloves and informed that the product had passed SGS inspection and, in accordance with those statements, a certification was provided to Vaswani.

45.     The SGS certification of inspection as provided to Vaswani by Shankar on behalf of himself and his represented companies was fraudulent.

46.     Shankar, on behalf of himself and his represented companies, informed Vaswani that the product was ready for shipping and twice caused to have been provided to Vaswani a false, incomplete, and deceptive bill of lading.

47.     Vaswani has fully performed under the terms of the agreements and purchase order but has not received the purchased product or a return of its funds.

48.     Fairmacs Group, Fairmacs Shipping, Draft Carhoway India, Lucidient, and Powerfirm were all obligated to provide the product.  Having failed to do so, they are jointly and severally in breach of the direct or third party contracts.

49.     Bangalore on behalf of Lucidient and Castillo on behalf of Powerfirm have each repeatedly promised to repay Vaswani's funds but have failed to do so concocting stories of banking issues, illness, attorney review, and numerous other delays.

50.     As a result of the collective breach of the responsible defendants, Vaswani has suffered damages.

WHEREFORE, Plaintiff Vaswani, Inc. demands Judgment against Defendants Fairmacs Group, Draft Carhoway India,  Fairmacs Shipping, Lucidient and Powerfirm, as follows:

a.      Compensatory damages in the amount of no less than $450,000.00 as shall be demonstrated at trial;

b.      Interest;

c.      Attorney's fees;

d.      Costs of suit; and

e.      Such further relief as the Court should deem just and proper.

## SECOND COUNT
### (Piercing of the Corporate Veil)

51.    Plaintiff Vaswani, Inc. repeats the averments set forth in Paragraphs 1 through 50 as if set forth at length herein.

52.    Vaswani entered into the purchase of 60,000 boxes of nitrile gloves which were to be provided by Fairmacs Group, Fairmacs Shipping, Draft Cargoway, Powerfirm and Lucidient.

53.    The transaction was fraudulent in that these corporate defendants retained Vaswani's funds and then fabricated fictional identification of the product, inspection certifications, bills of lading, and promises of shipment.

54.    Powerfirm is owned or controlled by Castillo and as one of the multiple fraudulent parties, may not assert the corporate shield to protect against such fraudulent activities.

55.    Lucidient, being owned and/or controlled by Rao and Bangalore, as one of the multiple fraudulent parties may not assert the corporate shield to protect against such fraudulent activities.

56.    Fairmacs Shipping, Draft Cargoway India and Fairmacs Group, being owned and/or controlled by Rajendhranath, as one of the multiple fraudulent parties may not assert the corporate shield to protect against such fraudulent activities.

57.    Vaswani has demanded the return of its funds from Lucidient and Powerfirm both of which have indicated that they do not have the ready and available funds to repay the obligation

immediately.

58.     In accepting the order, Powerfirm and Lucidient were undercapitalized as its shareholders have failed to provide sufficient arrangements to address its legitimate debts.

59.     Based upon publicly available information, Ingenii and VisoLucid have common ownership with Lucidient and shares offices and resources.

60.     Defendant Madhusudhan is a owner and director of Visiolucid.

61.     As such, Castillo, Rao, Bangalore, Madhusudhan and Rajendhranath are jointly and severally liable for the debt owed to Vaswani.

WHEREFORE, Plaintiff Vaswani, Inc. demands Judgment against Nagachtan Bangalore Manjunathamurthy, Sreenath Rajendhranath, Radkika Rao, Nanjunddappa Madhusudhan and Joann Castillo, as follows:

a.   Compensatory damages in the amount of no less than $450,000.00 as shall be demonstrated at trial;
b.   Interest;
c.   Attorney's fees;
d.   Costs of suit; and
e.   Such further relief as the Court should deem just and proper.

## THIRD COUNT
### (Conversion)

62.     Plaintiff repeats the averments set forth in Paragraphs 1 through 61 as if set forth at length herein.

63.     Defendant Vaswani entered into an agreement with Fairmacs Group, Fairmacs Shipping and Draft Cargoway by requiring the payment by Vaswani of $450,000.00 in order to certain nitrile gloves.

64.     Vaswani prayed the amounts required by Fairmacs for said gloves and sent the funds

to Lucidient based upon the instructions of Fairmacs.

65.     Upon information and belief, Bangalore, Buva and Shankar all obtained funds form the moneys sent from Vaswani.

66.     Although all corporate defendants have failed to provide the gloves either within the stated timeframe or otherwise, neither they nor Bangalore, Shankar or Buva have turned Vaswani's funds.

67.     Vaswani is entitled to the immediate return and possession of its funds but Lucidient, Powerfirm and Fairway have interfered therewith by refusing to turnover the same.

68.     Vaswani reincorporates by reference the assertions concerning the piercing of the corporate veil made in the Second Count as if repeated herein at length.

69.      As a result, Vaswani has suffered damages.

WHEREFORE, Plaintiff Vaswani, Inc. demands Judgment against Defendants Nagachtan Bangalore Manjunathamurthy, Fairmacs Group, Fairmacs Shipping & Transport Services, Pvt., Ltd., Draft Cargoway India Pvt. Ltd, Sreenath Rajendhranath, Radkika Rao, Lucidient Limited, Visio Lucid Technosoft Pvt. Ltd., Visio Ingenii, Ltd., Nanjunddappa Madhusudhan, Uday Shankar, Sunil Buva, Powerfirm Ventures International, Inc. and Joann Castillo as follows:

a.     Compensatory damages of $450,000.00;
b.     Interest;
c.     Attorney's fees;
d.     Costs of suit; and
e.     Such further relief as the Court should deem just and proper.


**FOURTH COUNT**
(Consumer Fraud)

70.     Plaintiff repeats the averments set forth in Paragraphs 1 through 69 as if set forth at

length herein.

71.     Nagachtan Bangalore Manjunathamurthy, Fairmacs Group, Fairmacs Shipping & Transport Services, Pvt., Ltd., Draft Cargoway India Pvt. Ltd, Sreenath Rajendhranath, Radkika Rao, Lucidient Limited, Uday Shankar, Sunil Buva, Visio Lucid Technosoft Pvt. Ltd., Visio Ingenii, Ltd., Nanjunddappa Madhusudhan, Powerfirm Ventures International, Inc. and Joann Castillo are all "persons" as defined by New Jersey's Consumer Fraud Statute ("CFA").

72.     As part of the sale of the gloves to Vaswani, Shankar – individually and on behalf of Fairmacs Group, Fairmacs Shipping and Draft Carhoway India – made affirmative representations about quantity, price and delivery dates.  Each of these representations were false.

73.     In order to induce the payment of the product, Shankar (individually and on behalf of the conspiring group including al person in Paragraph 71 hereof) further provided a fraudulent certification of inspection from SGS as well as fraudulent photographs identifying the product.  This constitutes a false affirmative statement and an unconscionable commercial practice.

74.     In order to cover up his fraudulent activities, Shankar – with the knowledge and participation of Bangalore, Buva and Castillo - issued false bills of lading to Vaswani and falsely stated that the product was placed on the ship and being sent to Vaswani.  This constitutes a false affirmative statement and unconscionable commercial practice.

75.     The undisclosed principals Powerfirm, Buva and Lucidient accepted the funds under the terms of the agreement but did not provide the product or return Vaswani's funds. This constitutes an unconscionable commercial practice.

76.     Bangalore and Rao are the principals of Lucidient and implement the policies and procedures of that company. As such, they are personally liable for the conduct of Lucidient.

77.     Castillo is the principal of Powerfirm and implements the policies and procedures of

11

that company. As such, she is personally liable for the conduct of Lucidient.

78.     Rajendhranath is the principal or director of Fairmacs Group, Fairmacs Shipping and Draft Carhoway India and he implements the policies and procedures of those companies. As such, he is  personally liable for the conduct of Lucidient Fairmacs Group, Fairmacs Shipping and Draft Carhoway India as well as his employee Shankar .

79.     Despite payment in full for the products by Vaswani, Shankar, Bangalore, Castillo, Buva,Rao, Lucidient, Powerfirm, Farimacs Group, Fairmacs Shipping, and Draft Cargoway India have failed to deliver the product as promised.

80.     Vaswani has demanded a return of its funds, but defendants have made a series of empty promises.  Such conduct constitutes an unconscionable business practice under the CFA.

81.     As a result of the named Defendants' joint conduct, Vaswani has suffered an ascertainable loss by virtue of not having the promised product, nor having its funds provided to Defendants.

WHEREFORE, Plaintiff Vaswani, Inc.  demands judgment against Defendants Nagachtan Bangalore Manjunathamurthy, Fairmacs Group, Fairmacs Shipping & Transport Services, Pvt., Ltd., Draft Cargoway India Pvt. Ltd, Sreenath Rajendhranath, Radkika Rao, Lucidient Limited, Uday Shankar, Sunil Buva, Visio Lucid Technosoft Pvt. Ltd., Visio Ingenii, Ltd., Nanjunddappa Madhusudhan, Powerfirm Ventures International, Inc. and Joann Castillo, as follows:

a.     Compensatory damages in the amount of $450,000.00;
b.     Treble damages
c.     Interest;
d.     Attorney's fees;
e.     Costs of suit; and
f.     Such further relief as the Court should deem just and proper.

## FIFTH COUNT
### (New Jersey's Commercial Code)

82.     Plaintiff repeats the averments set forth in Paragraphs 1 through 81 as if set forth at length herein.

83.     Through discussions with Shankar, Fairmacs Group, Fairmacs Shipping and Draft Cargoway India held themselves out as having a knowledge and being in the business of selling PPE. As such, Fairmacs Group, Fairmacs Shipping and Draft Cargoway India are "merchants" as defined by *N.J.S.A.* §12A:2-104(1).

84.     The gloves which were the subject of the contract are "goods" as defined by *N.J.S.A.* §12A:2-105(1).

85.     Vaswani is a "Buyer" as defined by *N.J.S.A.* §12A:2-103(1)(a).

86.     The purchase order for the purchase of gloves between Vaswani and Fairmacs is defined a "contract" or "contract for sale" as defined by *N.J.S.A.* §12A:2-106(1).

87.     *N.J.S.A.* §12A:2-713(1) provides for the contract damages as well as incidental and consequential damages in the event of "non-delivery or repudiation by the seller."

88.     Vaswani and Fairmacs Group entered into a contract to purchase PPE/gloves for a purchase price of $450,000.00.  Prior to the tendering of the second payment, Shankar represented that the product was manufactured, identified, passed SGS certification and was ready for shipping.

89.     Vaswani made all payments as required by the parties' agreement.

90.     Despite Shankar's representations, the certification was fraudulent and the product was not shipped to Vaswani.

91.     As a result of Fairmacs Grooup, Fairmacs Shipping a Draft Cargoway India breach, Vaswani has suffered damages.

13

WHEREFORE, Plaintiff Vaswani, Inc.  demands Judgment against Defendants Fairmacs Group, Fairmacs Shipping a Draft Cargoway India, as follows:

      a.      Compensatory damages in an amount of no less than $500,000.00 or such amount as will be demonstrated at trial;

      b.      Interest;

      c.      Attorney's fees;

      d.      Costs of suit; and

      e      Such further relief as the Court should deem just and proper.

## SIXTH COUNT
### (Fraud and Conspiracy to Commit Fraud)

92.      Plaintiff repeats the averments set forth in Paragraphs 1 through 91 as if set forth at length herein.

93.      All of the corporate defendants and their principals conspired with and utilized Shankar to make statements on their behalf and for their benefit.

94.      Shankar represented that he had access to 60,000 boxes of nitrile gloves.

95.      Shankar represented that the gloves would pass certification prior to his requesting full payment.

96.      Shankar represented that the gloves then passed certification with SGS and that he had paid for that process.

97.      Shankar provided bills of lading showing the shipment of the product.

98.      Shankar represented that the product was placed upon the ship and was ready to be sent to Vaswani.

99.      Shankar and each of the other defendants conspiring with him knew or should have known that these statements were false and that the documents provided to Vaswani, such as the SGS certification and the bill of lading, were fraudulent.

14

100.    Vaswani reasonably relied upon the representations and statements of Shankar on his personal behalf as well as for his co-conspirators. Based thereupon it paid the $450,000.00 as directed.

101.    Powerfirm, Lucidient, Castillo and Bangalore each have admitted that they had received Vaswani's funds and have promised to repay the same.

102.    None of the Defendants have repaid any funds to Vaswani, despite the repeated promises and excuses.

103.    As a result, Vaswani has suffered damages.

WHEREFORE, Plaintiff Vaswani, Inc.  demands judgment against Defendants Nagachtan Bangalore Manjunathamurthy, Fairmacs Group, Fairmacs Shipping & Transport Services, Pvt., Ltd., Draft Cargoway India Pvt. Ltd, Sunil Buva, Sreenath Rajendhranath, Radkika Rao, Lucidient Limited, Uday Shankar, Visio Lucid Technosoft Pvt. Ltd., Visio Ingenii, Ltd., Nanjunddappa Madhusudhan, Powerfirm Ventures International, Inc., and Joann Castillo, as follows:

a.    Compensatory damages in the amount of $450,000.00;
b.    Punitive damages;
c.    Interest;
d.    Attorney's fees;
e.    Costs of suit; and
f.    Such further relief as the Court should deem just and proper.


### SEVENTH COUNT
(Violation of 18 U.S.C.§1962(c) – R.I.C.O.)
*Defendants Lucidient, Buva, Bangalore, Powerfirm, Castillo, Fairmacs Group, Shankar*

104.    Plaintiff repeats the averments set forth in Paragraphs 1 through 103 as if set forth at length herein.

105.    Defendants Lucidient, Buva, Bangalore, Powerfirm, Castillo, Fairmacs Group, Shankar (RICO Defendants) violated RICO and Vaswani was injured as a result.

106.    Each identified Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. § 1961 (3).

107.    Each Defendant violated 18 U.S.C. 3 1962© by the acts described in the prior paragraphs, and as further described below.

108.    <u>The Enterprise.</u>  Bangalore, individually and through Lucidient, Castillo, individually and through Powerfirm, and Shankar, individual and through Fairmacs Group form an association-in-fact for the common and continuing purpose described herein and constitutes an enterprise within the meaning of 18 U.S.C.§1961(4) engaged in the conduct of their affairs through a continuing pattern of racketeering activity. The members of the enterprise functioned as a continuing unit with an ascertainable structure separate and distinct from that of the conduct of the pattern of racketeering activity. There may also be other members of the enterprise who are unknown at this time.

109.    Each enterprise has engaged in, and their activities have affected, foreign commerce and utilized interstate and international wire communications.

110.    Pattern of Racketeering Activity. Defendants, each of whom are persons associated with, or employed by, the enterprise, did knowingly, willfully and unlawfully conduct or participate, directly or indirectly. In the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § I961(1), 1961 (5), and l962(c). The racketeering activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise. Defendants had the specific intent to engage in the substantive RICO violation alleged herein.

111.    Predicate acts of racketeering activity are more specifically alleged below. Defendants each committed at least two such acts or else aided and abetted such acts.

112.    The acts of racketeering were not isolated, but rather the acts of Rico Defendants were related in that they had the same or similar purpose and result, participants, victims and method

16

of commission. Further, the acts of racketeering by RICO Defendants have been continuous. There was repeated conduct during a period of time beginning in 2020 and continuing to the present, and there is a continued threat of repetition of such conduct.

113.    The association-in-fact enterprise, as alleged herein, were not limited to the predicate acts and extended beyond the racketeering activity. Rather, they existed separate and apart from the pattern of racketeering activity for the legitimate business purpose of providing health and technology services as seen from their respective websites https://www.powerfirm.org/ and http://www.lucid-ient.com/. RICO Defendants have had and do have, upon information and belief, legitimate business plans outside of the pattern of racketeering activity.

114.    Plaintiff specifically alleges that RICO Defendants participated in the operation and management of the association-in-fact enterprise and the alternative enterprises by overseeing and coordinating the commission of multiple acts of racketeering as described below.

115.    <u>Predicate Act:</u>  <u>Use Wires to Defraud Vaswani in Violation of 18 U.S.C. §§1341 and 1343</u>.  RICO Defendants committed acts constituting indictable offenses under 18 U.S.C. §§1341 and 1343 in that they devised or intended to devise a scheme or artifice to defraud Vaswani or to obtain money from Vaswani by means of false or fraudulent pretenses, representations or promises. For the purpose of executing their scheme or artifice, RICO Defendants caused delivery of various documents and things by private or commercial interstate carriers, internet, or received such therefrom.  RICO Defendants also transmitted or caused to be transmitted by means of wire communications in interstate foreign commerce various writings, signs and signals. The acts of RICO Defendants set forth above were done with knowledge that the use of wires would follow in the ordinary course of business, or that such use could have been foreseen, even if not actually

intended. These acts were done intentionally and knowingly with the specific intent to advance RICO Defendants' scheme or artifice.

116.    RICO  Defendants carried out their scheme in different states and countries and could not have done so unless they used private or commercial interstate carriers, internet, or interstate wires. In furtherance of their scheme alleged herein, RICO Defendants communicated among themselves and with Plaintiff in furtherance of the scheme to defraud Plaintiff. These communications were typically transmitted by wire (i.e., electronically), internet, or private or commercial carriers. Specifically, RICO Defendants used wire and internet to transmit funds, fraudulent inspection certifications, fraudulent bills of lading and the making of fraudulent statements in furtherance of RICO Defendants' enterprise.

117.    In addition, RICO Defendants used wire, internet and/or private or commercial carriers to induce Plaintiff to execute the Purchase Order. Upon information and belief, RICO Defendants also communicated by wire, internet, or private or commercial carriers to facilitate the transfer of funds between themselves and to further communications to advance their enterprise.

118.    RICO Defendants also caused Plaintiff to transmit $450,000.00 in funds by wire from the United States.

119.    RICO Defendants' shared objective was and is to fraudulently divert Vaswani's funds to their own benefit and to divide those funds amongst themselves.

120.    Vaswani reasonably and justifiably relied upon RICO Defendants' false representations, false pretenses and deceptive communications, and Plaintiff has been damaged as a direct and proximate result of RICO Defendants' participation in such enterprise, as alleged herein.

121.    <u>Continuity of Conduct.</u>        RICO Defendants' violations of state and federal law as set forth herein, each of which directly and proximately injured Plaintiff and other market

18

participants, constituted a continuous course of conduct which was intended to obtain money through false representations, fraud, deceit, and other improper and unlawful means. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. § 1961(l) and (5).

122.    Other similar activities known to Vaswani have been perpetrated upon Unified Safe Guard as well as against Vaswani through other agents – with al these identified Defendants as the center of the fraudulent operations.

123.    Upon information and belief, RICO Defendants have conducted and/or participated, directly and/or indirectly, in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. § 1962©

124.    The unlawful actions of RICO Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff in its business. Plaintiff seeks an award of damages in compensation for, among other things, the $450,000.00 Defendants stole from Plaintiff.

WHEREFORE, Plaintiff Vaswani, Inc. demands judgment against Defendants Uday Shankar, Sunil Buva, Nagachtan Bangalore Manjunathamurthy, Lucidient Limited, Powerfirm Ventures International, Inc. and Joann Castillo, as follows:

a.    Compensatory damages in the amount of $450,000.00;
b.    Statutory treble damages;
c.    Interest;
d.    Statutory attorney's fees;
e.    Costs of suit; and
f.    Such further relief as the Court should deem just and proper.

### EIGHTH COUNT
(Conspiracy to Violate Federal Civil RICO, 18 U.S.C.§1962(d))
Defendants Lucidient, Buva, Bangalore, Powerfirm, Castillo, Fairmacs Group, Shankar

125.    Vaswani incorporates by reference all the preceding paragraphs of this Complaint as if fully set forth herein.

126.    In violation of 18 U.S.C. § 1962(d), the Defendants Lucidient. Bangalore, Powerfirm, Castillo, Fairmacs Group, Buva, Shankar, and each of them, knowingly, willfully, and unlawfully conspired to facilitate a scheme which included the operation or management of a RICO enterprise through a pattern of racketeering activity as alleged in the preceding count.

127.    The conspiracy is ongoing.

128.    The conspiracy's purpose was to divert money from Vaswani and other entities to their own benefit in an effort to defraud Vaswani and others.

129.    Each RICO Defendant committed at least one overt act in furtherance of such conspiracy.   These acts in furtherance of the conspiracy include (but are not limited to) misrepresenting Vaswani as to the product, providing a fraudulent inspection certification, providing fraudulent bills of lading and statements regarding shipping of product.

130.    Even if some of the RICO Defendants did not agree to harm Plaintiff specifically, the purpose of the acts they engaged in was to advance the overall object of the conspiracy, and the harm to Plaintiff was a reasonably foreseeable consequence of RICO Defendants' actions.

131.    Plaintiff has been injured and continues to be injured in its business and property by RICO Defendants' conspiracy in violation of 18 U.S.C. §1962(d). The unlawful actions of RICO Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff in its business or property.

WHEREFORE, Plaintiff Vaswani, Inc.   demands judgment against Defendants Uday Shankar, Sunil Buva, Fairmacs Group, Nagachtan Bangalore Manjunathamurthy, Lucidient Limited, Powerfirm Ventures International, Inc. and Joann Castillo, as follows:

a.    Compensatory damages in the amount of $450,000.00;
b.    Statutory treble damages;
c.    Interest;

20

d.      Statutory attorney's fees;

e.      Costs of suit; and

f.      Such further relief as the Court should deem just and proper.


*/s/ Bruce E. Baldinger*

_____

Bruce E. Baldinger, Esq.
THE LAW OFFICES OF BRUCE E.
BALDINGER, LLC
Attorney for Plaintiff Vaswani, Inc.

Dated: December 24, 2020