**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| |
|---|
| **VASWANI, INC.,**<br><br>            **Plaintiff,**<br><br>     **v.**<br><br>**NAGACHETAN BANGALORE MANJUNATHAMURTHY, et al.,**<br><br>            **Defendants.** |

**Civil Action No. 2:20-cv-20288-KSH-CLW**

**OPINION AND ORDER**

**I.      Introduction**

This matter comes before the Court on the unopposed motion of plaintiff Vaswani, Inc. ("Vaswani") seeking an order under FED R. CIV. P. 4(f)(3) authorizing service of the summons and complaint by alternative means upon defendants located abroad [D.E. 10]. Vaswani more specifically seeks to serve several individual defendants by email, several entity defendants by email to their principals, and one individual defendant by Instagram. The Honorable Katharine S. Hayden has referred the motion to the undersigned. The Court has carefully considered the relevant submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court GRANTS Vaswani's motion as to service upon all defendants except for Nanjundappa Madhusudhan and Radhika Rao, as to whom the court DENIES the motion without prejudice.

**II.      Background**

 The facts underlying this case are not directly relevant to the present motion, and so will be summarized only briefly. Vaswani sells point-of-purchase displays to retailers throughout the United States. With the onset of the COVID-19 pandemic, Vaswani found itself in need of large quantities of personal protective equipment ("PPE"). Vaswani's complaint alleges a fraud perpetrated by the roughly dozen defendants ("Defendants") which resulted in Vaswani paying

$450,000.00 for PPE which was promised but never received. Vaswani sues to recover this sum and related damages. See generally D.E. 1 (the "Complaint").

III.    **Legal Standard**

Rule 4(f), entitled "SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY", provides that "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States[] by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). Alternative service is regularly permitted where "(a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) [plaintiffs] have made a good faith effort to locate and serve defendants by traditional means." Vanderhoef v. China Auto Logistics Inc., 2019 U.S. Dist. LEXIS 205798, at *6 (D.N.J. Nov. 26, 2019) (citing Celgene Corp. v. Blanche Ltd., 2017 U.S. Dist. LEXIS 35126, at *6 (D.N.J. Mar. 9, 2017)). The Court "is afforded wide discretion when ordering service of process under Rule 4(f)(3)." U.S. Sec. & Exch. Comm'n v. Secure Cap. Funding Corp., 2011 U.S. Dist. LEXIS 160867, at *6 (D.N.J. Aug. 3, 2011) (quoting BP Prods. N. Am. v. Dagra, 236 F.R.D. 270, 271 (E.D. Va. 2006)).

The first of the enumerated factors implicates the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163) (the "Hague Convention"). Concerning the second factor, "[f]or alternative service to comport with due process requirements, the method of service must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Vanderhoef, 2019 U.S. Dist. LEXIS 205798, at *6 (quoting Rio Props., v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002)). As to the third consideration, Vaswani is "not required to make a showing that service

through ordinary channels would be futile . . . to be granted permission to effectuate service under Rule 4[(f)](3)." <u>United States Sec. & Exch. Comm'n v. One or More Unknown Traders in Sec. of Fortress Inv. Grp., LLC</u>, 2018 U.S. Dist. LEXIS 167164, at *18 (D.N.J. Sept. 27, 2018). To the contrary, "[c]ourts can grant Rule 4(f)(3) requests even where a plaintiff does not show that the other means are unduly burdensome or impossible." <u>Bravetti v. Liu</u>, 2013 U.S. Dist. LEXIS 175060, at *8 (D.N.J. Dec. 11, 2013); <u>see also</u> <u>Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.</u>, 2020 U.S. Dist. LEXIS 228149, at *11 (S.D.N.Y. Dec. 4, 2020) ("[T]here is no requirement that Plaintiff attempt service pursuant to provisions 4(f)(1) and 4(f)(2) before seeking permission of the court to effect service 'by other means,' pursuant to Rule 4(f)(3).") (citing authorities). Nevertheless, "it is helpful to plaintiff's case to show some measure of difficulty in effecting service by usual means." <u>Bravetti</u>, 2013 U.S. Dist. LEXIS 175060, at *8 (citing <u>Vanleeuwen v. Keyuan Petrochemicals, Inc.</u>, 2012 U.S. Dist. LEXIS 170921, at *4 (C.D. Cal. Nov. 30, 2012) (C.D. Cal. 2012)).

**IV.    <u>Vaswani's Certification</u>**

In support of its motion, Vaswani submits the Certification of its CFO Amit Nihalani. D.E. 10-1 (the "Nihalani Cert."). Nihalani recaps each of the Defendants' alleged roles in the events underlying the Complaint and states that in connection therewith, he has been "in frequent and close contact" with most of the Defendants, primarily via email and WhatsApp. Nihalani Cert. at ¶¶ 3-13. With the exception of defendant Radhika Rao ("Rao"), Nihalani provides an email address for each Defendant, in most cases obtained from Nihalani's personal communications with the Defendants as recently as late 2020 or early 2021. <u>Id.</u> at ¶¶ 5-8, 14-22, 26 and exhibits thereto. Nihalani represents that none of the Defendants are in the United States. <u>Id.</u> at ¶ 13. Most are

believed to be based in India; some are in England or the Philippines. Id. at ¶¶ 5-7; Complaint at ¶¶ 4-13.

Vaswani has engaged private investigators, process servers, and legal counsel in India and the Philippines in an effort to effectuate service. It has successfully served several Defendants associated with defendant Fairmacs Group (the "Fairmacs Defendants"), who in turn have answered the Complaint. Nihalani Cert. at ¶ 24 and Exhibits K, L; D.E. 4, 5.[1] Vaswani has attempted personal service upon all the other Defendants (except for Rao), with varying degrees of success; however, it has not returned executed summonses for any parties other than the Fairmacs Defendants. See Nihalani Cert. at ¶¶ 23-25 and exhibits thereto. Apart from the locations where service was attempted, Vaswani is not aware of a physical address for any of the Defendants.[2]

## V.   Discussion

### a.   Service Via Email

#### i.   Due Process and Vaswani's Attempts at Traditional Service

Under the circumstances (and with the exception of defendant Nanjundappa Madhusudhan, who is discussed below) service via email seems likely to "apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." Vanderhoef, supra. The Court is satisfied that the Defendants own and use the email addresses at issue, as demonstrated by Nihalani directly communicating with them through these means. As stated in Morse v. Levine,

---

[1] The fact that the Fairmacs Defendants have answered the Complaint may suggest that leave to serve them via email is unnecessary. However, the joint answer asserts an affirmative defense of insufficient service of process. D.E. 5 at ¶ 149. The Court therefore will consider (and grant) Vaswani's request for alternative service upon the Fairmacs Defendants.

[2] This again excepts Rao, as to whom Vaswani does not make such a representation.

2019 U.S. Dist. LEXIS 219277 (S.D.N.Y. Dec. 19, 2019), <u>report and recommendation adopted,</u> 2020 U.S. Dist. LEXIS 1749 (S.D.N.Y., Jan. 3, 2020), service by email is generally permitted "where the movant has 'supplied the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" <u>Id.</u> at *10 (quoting <u>AMTO, LLC v. Bedford Asset Mgmt., LLC,</u> 2015 U.S. Dist. LEXIS 70577, at *21-22 (S.D.N.Y. May 29, 2015)). The record shows this to be the case here. Additionally, although not strictly necessary, it is "helpful" to Vaswani's argument that it has demonstrated a good faith effort to serve these Defendants by traditional means, as well as that Vaswani does not have a physical address for at least some of them. <u>See</u> Nihalani Cert. at ¶¶ 24-25; <u>Bravetti</u>, <u>supra</u>; <u>e.g.</u>, <u>Craigslist, Inc. v. Temple</u>, 2010 U.S. Dist. LEXIS 144411, at *4 (N.D. Cal. May 20, 2010) (allowing service by email where evidence demonstrated defendant "has no known physical address and that email is the most reasonable way for Plaintiff to provide notice to Defendant"). Moreover, the fact that several Defendants have answered the Complaint, coupled with an alleged arrangement involving an interconnected set of parties, suggests that all Defendants likely have notice of this lawsuit, further supporting the suitability of email service. <u>See</u> <u>Morse</u>, 2019 U.S. Dist. LEXIS 219277, at *11-12 (citing notice of suit as factor in permitting email service).

In the case of Madhusudhan, Vaswani provides a printout from the website mycorporateinfo.com indicating that Madhusudhan is registered with India's Ministry of Corporate Affairs as a director of defendant Visiolucid and providing his email address. <u>See</u> Nihalani Cert., Exhibit J. This falls short of demonstrating Madhusudhan is likely to receive the Summons and Complaint via that address. Vaswani provides neither an official or otherwise reliable source that this is Madhusudhan's email address, nor any proof that Madhusudhan actively uses it. Upon these facts, the Court cannot permit service via Madhusudhan's purported email

address. See, e.g., Fortunato v. Chase Bank USA, N.A., 2012 U.S. Dist. LEXIS 80594, at *7 (S.D.N.Y. June 7, 2012) (denying motion for alternative service where "Chase has not set forth any facts that would give the Court a degree of certainty that . . . the email address listed on the Facebook profile is operational and accessed by Nicole"); Liberty Media Holdings, LLC v. Sheng Gan, 2012 U.S. Dist. LEXIS 5166, at *10 n.1 (D. Colo. Jan. 17, 2012) ("Many courts have also required that the plaintiff make some showing that it is reasonably likely that the defendant will actually receive email communications at the email address in question", such as evidence of the email address being used to communicate with customers) (citing cases). The Court will grant leave for Vaswani to provide additional evidence to justify this (or another alternative) method of service upon Madhusudhan.[3]

### ii.  Compliance with International Agreement

As indicated, Rule 4(f)(3) expressly forbids service through any method prohibited by international agreement. The international agreement of relevance here is the Hague Convention, as it is "the exclusive method of effecting service between signatories to the convention", Midmark Corp. v. Janak Healthcare Private Ltd., 2014 U.S. Dist. LEXIS 60665, at *3 (S.D. Ohio May 1, 2014) (citing Kreimerman v. Casa Veerkamp S.A. de C.V., 22 F.3d 634, 643-44 (5th Cir. 1994)), a category that includes the United States, India, England, and the Philippines. See https://www.hcch.net/en/states/hcch-members (last visited April 15, 2021).

---

[3] The Court notes that in attempting to serve Madhusudhan, Vaswani's process server encountered an individual at Madhusudhan's residence who represented he could "receive the posts" on Madhusudhan's behalf and, upon the process server's request, spoke by telephone with Madhusudhan, who instructed him to accept the Summons and Complaint, which he did. Nihalani Cert., Exhibit L at 2. Additionally, Vaswani has provided email communications with defendant Bangalore, who, along with Madhusudhan, is alleged to be a director of Visiolucid. It therefore is possible, perhaps even likely, that Madhusudhan already has notice of this lawsuit. Nonetheless, "the formality of service of process is mandatory, even where the defendant already has actual notice of the litigation". Munb Loan Holdings, LLC v. Shoval, 2012 U.S. Dist. LEXIS 199792, at *7 n.3 (S.D. Fla. June 19, 2012). The Court will err on the side of protecting Madhusudhan's due process rights.

As to those Defendants for whom Vaswani does not possess an accurate physical address, the Hague Convention is inapplicable. <u>See</u> Hague Convention, art. 1 ("This Convention shall not apply where the address of the person to be served with the document is not known."); <u>e.g.</u>, <u>United States v. 200 Acres of Land</u>, 773 F.3d 654, 659 (5th Cir. 2014) (same) (citing Hague Convention, art. 1).; <u>see also</u> <u>Celgene Corp. v. Blanche Ltd.</u>, 2017 U.S. Dist. LEXIS 35126, at *6 (D.N.J. Mar. 9, 2017) ("Although Plaintiff identified an address associated with Blanche, its investigators determined that Blanche maintains no actual presence at that address. Accordingly, Blanche's address may be considered unknown for the purpose of the Hague Convention."). Concerning these parties, therefore, "the court can skip the analysis on whether the Hague Convention allows email service." <u>United States v. Dinh</u>, 2020 U.S. Dist. LEXIS 138517, at *4-5 (M.D. Fla. Aug. 4, 2020).

The Court is bound, however, to assess whether the Hague Convention permits email service upon those parties for whom Vaswani has a physical address, a question without a clear answer.  The issue is as follows: Article 10(a) of the Hague Convention states that "[<u>p</u>]<u>rovided the State of destination does not object</u>, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad". Hague Convention art. 10(a) (emphasis added). Both India and the Philippines have objected to Article 10(a); neither, however, has specifically objected to email service. <u>See</u> https://www.hcch.net/en/states/authorities/details3/?aid=712 (last visited April 15, 2021) (India's opposition to Article 10); https://www.hcch.net/en/instruments/conventions/status-

table/notifications/?csid=1435&disp=resdn (last visited April 15, 2021) (Philippines' objection to Article 10, subsections (a) and (c)).[4] Consequently, the

> question turns on whether service by "postal channels" under Article 10(a) of the Service Convention includes service by e-mail. Because India [and the Philippines] ha[ve] objected to service provided for under Article 10, allowing service by any means under Article 10 would violate an international agreement. If e-mail is a "postal channel," the Court is barred from granting [Vaswani's] Motion for Alternative Service under Rule 4(f)(3). If e-mail is not a "postal channel," then India's [and the Philippines'] rejection of Article 10(a) does not reject e-mail service. The term "postal channels" in Article 10(a) is not defined within the Service Convention . . . . The Third Circuit has not yet evaluated this question.

Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd., 2020 U.S. Dist. LEXIS 251499, at *6-7 and n.3 (E.D. Pa. Mar. 10, 2021).

Federal courts are sharply divided on this matter. See id. at *7-9 (discussing split in authority); Sales v. Guangdong Chigo Heating & Ventilation Equip. Co., 2020 U.S. Dist. LEXIS 190551, at *17-20 (N.D. Tex. Sep. 29, 2020 (same). What is clear is that those courts holding objections to Article 10 do not prohibit service by email represent the majority view. See Genus, Guangdong, supra. The Court agrees with this approach; i.e., with the "[n]umerous courts [that] have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10." FTC v. Pecon Software Ltd., 2013 U.S. Dist. LEXIS 111375, at *12-13 (S.D.N.Y. Aug. 7, 2013) (citing cases). As persuasively stated in Genus:

> the text of [Article 10(a) permitting service through "postal channels"] necessarily contemplates sending documents through the post, which in common parlance cannot be construed to include e-mail either in text or in spirit given the dissimilarities between e-mail and traditional mail. The Hague Service Convention—which

---

[4] The United Kingdom, where defendant Bangalore is alleged to have a residence, see Complaint at ¶ 4, has objected to subsections (b) and (c) of Article 10, but not to subsection (a). EOI Corp. v. Medical Mktg., 172 F.R.D. 133, 136-37 (D.N.J. 1997) (citing sources).

was written in 1965—does not address electronic communications nor do the Federal Rules of Civil Procedure governing service of international defendants. Looking at the plain text of the Service Convention, and the understanding of the Convention at the time it was conceived, the Court finds that the term "postal channels" does not extend to service by e-mail.

2020 U.S. Dist. LEXIS 251499, at *9-10 (citation omitted).

For the reasons stated, the Court concludes that email service is not barred by international agreement. In turn, it will grant Vaswani's request for leave to effect service via email, except for as to Madhusudhan.

**b.  Service Via Instagram**

As noted, Vaswani seeks leave to serve Rao through her Instagram profile. As a general matter, service via social media is assessed in the same manner as email service, with the analysis centering on due process concerns for the defendant receiving notice of the lawsuit. See, e.g., Asiacell Communs. PJSC v. Doe, 2018 U.S. Dist. LEXIS 121890, at *6-10 (N.D. Cal. July 20, 2018) (discussing due process in context of email and social media service). With this in mind, the Court must deny this portion of Vaswani's motion.

In support of this request, Vaswani provides printouts from an unverified crunchbase.com profile which lists Rao as CEO of defendant Lucident and appears to link to her Facebook profile, which, according to Vaswani, links to her Instagram profile. See Nihalani Cert. at ¶ 21 and Exhibit H. Vaswani provides a printout of what appears to be Rao's Instagram profile and states that it reflects activity as of January 2021; however, the Court cannot discern any such activity. See Nihalani Cert. at ¶ 21 and Exhibit I.

Under these facts, the Court is unconvinced that service via Rao's Instagram profile is reasonably calculated to provide her with notice of the lawsuit. This is for the same two reasons as stated in connection with Madhusudhan. First, although the Instagram profile appears to belong

to Rao, Vaswani provides no proof that this is so. <u>See, e.g.</u>, <u>SEC v. Dubovoy</u>, 2019 U.S. Dist. LEXIS 72669, at *17 (D.N.J. Apr. 29, 2019) (denying request for service via Facebook in part because "the Commission . . . failed to subpoena Facebook to gather proof that Defendants . . . own the accounts"). Second, there is no indication that Rao actively monitors her Instagram account. As stated in <u>Silverman v. Sito Mktg. Llc</u>, 2015 U.S. Dist. LEXIS 197433 (E.D.N.Y. July 21, 2015), "where courts have permitted service through social media messaging, they have been presented with strong evidence demonstrating that the party being served was likely to receive the message." <u>Id.</u> at *6-7 (citing cases). No such evidence exists here.[5] The Court therefore will deny without prejudice Vaswani's motion to serve Rao via Instagram. As above, Vaswani may submit additional evidence in support of this request.

## VI.    <u>Conclusion</u>

For the reasons stated, it is on this 19th day of April 2021, hereby

**ORDERED** that the portion of Plaintiff's motion for leave to serve the Summons and Complaint [D.E. 1, 3] via email [D.E. 10] is **GRANTED** as to all defendants except for Nanjundappa Madhusudhan ("Madhusudhan"); and it is further

**ORDERED** that the portion of Plaintiff's motion for leave to serve Madhusudhan via email is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the portion of Plaintiff's motion for leave to serve Radhika Rao ("Rao") via Instagram is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff may provide the Court with additional documentation supporting its request for alternative service upon Rao and Madhusudhan, no later than fourteen (14) days from this Order; and it is further

---

[5] Separately but also relevant, Vaswani does not describe its efforts to determine a physical location or effect in-person service for Rao. <u>See</u> Nihalani Cert. at ¶ 24-25.

**ORDERED** that within seven (7) days of this Order, Plaintiff shall serve the Summons and Complaint, along with a copy of this Opinion and Order, upon the Defendants (except for Madhusudhan and Rao) via the means delineated in D.E. 10-1, Paragraph 26, whereupon service of the Summons and Complaint shall be deemed complete.

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.
